IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JUSTIN SIDES,

    Plaintiff,

v.                                                                                       No.:

VANGUARD OF MEMPHIS, LLC, D/B/A
POPLAR POINT HEALTH                             JURY DEMANDED
REHAB
    Defendant.

## COMPLAINT

THE PLAINTIFF, **JUSTIN SIDES**, files this Complaint against the Defendant, **VANGUARD OF MEMPHIS, LLC, D/B/A POPLAR POINT HEALTH REHAB**. He shows:

### I. PRELIMINARY STATEMENT

1. This case is brought under 42 U.S.C. §1981, and the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101 *et. seq.* (THRA).

### II. PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff is JUSTIN SIDES, a resident of Wynne, Arkansas.

3. The Defendant, VANGUARD OF MEMPHIS, LLC, D/B/A POPLAR POINT HEALTH REHAB, is a domestic business (Tennessee) operating in Shelby County, Tennessee.

4. This Court has subject matter jurisdiction for claims brought under 42 U.S.C. §1981.

5. This Court has diversity of citizenship jurisdiction as the parties are "citizens" of different states (Arkansas, and Tennessee, respectively) and the amount in controversy exceeds $75,000.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, including the Tennessee Human Rights Act at Tenn. Code Ann. § 4-21-101 *et seq*.

7. Venue in this Western District of Tennessee is proper pursuant to 28 U.S.C. §1391, because the Defendant does business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

### III.
### FACTUAL BASES FOR SUIT

8. Plaintiff is a white male.

9. In 2011, Defendant hired Plaintiff for the position of Maintenance Assistant, a job paying $15.00 per hour plus benefits.

10. Defendant informed Plaintiff that he was the best qualified for the position.

11. Plaintiff's boss, Tim Kelly, complimented Plaintiff's work performance and his work ethic.

12. On or about November 29, 2011, Mr. Kelly met with Plaintiff.

13. In this meeting, Mr. Kelly confided to Plaintiff that a black male had applied for the position of Maintenance Assistant—the same position for which Plaintiff was chosen.

14. According to Mr. Kelly, the black male claimed that Plaintiff's selection over the black male was discriminatory based upon race.

15. Mr. Kelly reiterated to Plaintiff that Plaintiff's selection was <u>not</u> race discrimination and that the company did not <u>believe</u> Plaintiff's selection was racially motivated.

Mr. Kelly reiterated the qualifications that Plaintiff possessed, which the black male did not, as the non-discriminatory reason for Plaintiff's selection.

16. Despite this, Mr. Kelly confided to Plaintiff that the company was going to terminated Plaintiff's employment and then give his position to the black man complaining of racial discrimination. Mr. Kelly explained that the company wanted to hire the black man, <u>due to his (black) race</u>, and that, but for this desire, Plaintiff's employment would not have been terminated.

17. Mr. Kelly advised Plaintiff that his separation paperwork would be completed by the company's administrator.

18. Plaintiff then met with the company administrator. Instead of acknowledging the true reasons for Plaintiff's termination, as expressed by Mr. Kelly, the administrator informed Plaintiff that he was terminated for performance-reasons.

19. Upon information and belief, Plaintiff was then replaced by the black man.

20. Plaintiff seeks injunctive relief to include reinstatement, damages to include all lost wages (back pay and, if applicable, front pay), compensatory damages for the negative emotional experience of being fired under these circumstances (e.g. humiliation, embarrassment, worry, anger, etc), and punitive damages for Defendant's reckless indifference to the law. Plaintiff seeks his attorneys fees and costs.

### IV.
### <u>CAUSES OF ACTION</u>

21. The foregoing facts are incorporated.

22. Plaintiff brings the following causes of action against the Defendant:

    a. Race Discrimination under 42 U.S.C. §1981; and the Tennessee Human Rights Act, T.C.A. §4-21-101.

23. Plaintiff demands a jury.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF** requests Defendant Answer this Complaint, that Plaintiff be Awarded all monetary and compensatory and punitive damages available, any other equitable relief, permanent injunctive relief, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which he may be entitled.

**Respectfully submitted,**

GILBERT RUSSELL McWHERTER, PLC

s/ Justin S. Gilbert
JUSTIN S. GILBERT (017079)
JONATHAN L. BOBBITT (23515)
JESSICA F. SALONUS (28158)
101 North Highland
Jackson, Tennessee 38301
(731) 664-1340
(731) 664-1540 (Facsimile)
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF